# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 29, 2012

No. 12-60112
Summary Calendar

Lyle W. Cayce
Clerk

MIGUEL OMAR CASTELLANOS-PENA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 473 337

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Miguel Omar Castellanos-Pena, native-citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's denying his withholding-of-removal application. He contends the BIA erred because he established past persecution on account of his membership in a particular social group, and there is a clear probability of future persecution against him if returned to El Salvador.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On review of the BIA's decision, the Immigration Judge's underlying decision is considered only if it influenced the BIA's determination. *E.g.*, *Mikhael v. INS,* 115 F.3d 299, 302 (5th Cir. 1997). Questions of law are reviewed *de novo*; and a substantial-evidence test applies to factual findings, including whether an alien has demonstrated eligibility for withholding of removal. *E.g.*, *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001); *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). "The substantial evidence standard requires only that the [BIA's] conclusion be based upon the evidence presented and that it be substantially reasonable." *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996) (internal quotation marks and citation omitted). The BIA's determination will be affirmed "unless the evidence compels a contrary conclusion". *Id.*

To qualify for withholding of removal, an alien must show it is more likely than not that his life or freedom would be threatened by persecution on account of his "race, religion, nationality, membership in a particular social group, or political opinion". 8 U.S.C. § 1231(b)(3)(A). To establish persecution because of membership in a particular social group, an alien must show he is "a member of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences". *Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006) (internal quotation marks and citation omitted).

Although Castellanos-Pena defined his proposed social group before the Immigration Judge as "[i]ndividuals threatened or persecuted by Maras," he appears to assert here he was persecuted for his status as a Salvadoran businessman who refused to accede to gang activities. Obviously, if that is his claim the BIA could not address such newly raised assertions here. Therefore, Castellanos-Pena failed to exhaust his administrative remedies for this newly broadened social group, and our court lacks jurisdiction to consider this new

social group.  *E.g.*, *Said v. Gonzales*, 488 F.3d 668, 670-71 (5th Cir. 2007).  We will consider the more narrow group subsumed within it; it may well be that is the group he is claiming.

For that more narrow social group, the BIA's decision that Castellanos-Pena failed to establish eligibility for withholding of removal is supported by substantial evidence.  It did not err in determining the proposed social group was not particular for purposes of the Immigration and Nationality Act.  *E.g.*, *Mwembie*, 443 F.3d at 414-15.  The determination that Castellanos-Pena feared crime and violence generally is also supported by substantial evidence.  Further, his allegation that he established a nexus between his future persecution and a protected ground is insufficient to compel a contrary conclusion.

DENIED.